UNITED STATES COURT OF APPEALS

**Filed 8/15/96**

FOR THE TENTH CIRCUIT

JIM GRENNAN,

        Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,

        Defendant-Appellee.

No. 95-6430
(D.C. No. CV-94-2000-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

       After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jim Grennan, an attorney who represents claimants for Social Security benefits, brought this action seeking an order directing the Commissioner to promulgate regulations governing her review of the maximum amount of attorney fees payable under fee agreements with Social Security claimants, as she is required to do under 42 U.S.C. § 406(a)(3)(A). In his first amended complaint, plaintiff alleged that jurisdiction was based on 28 U.S.C. §§ 1331 and 1361, the Administrative Procedures Act, and the Fifth and Fourteenth Amendments. The Commissioner moved for dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) or alternatively, for summary judgment. Adopting the report and recommendation of the magistrate judge, the district court held that it did not have subject matter jurisdiction under § 1331 to consider plaintiff's APA claim, that plaintiff did not have standing to pursue his constitutional claims, and that even assuming plaintiff had standing to seek mandamus relief under § 1361, he was not entitled to mandamus relief. On appeal, plaintiff challenges only the district court's rulings regarding § 1331 jurisdiction and his entitlement to mandamus relief under § 1361.

This case arises out of an administrative law judge's (ALJ) request on at least two occasions for review of the amount which would otherwise be the

maximum fee under plaintiff's fee agreements with successful Social Security claimants. Under an approved fee agreement, the maximum amount of attorney fees available is twenty-five percent of the amount of past due benefits or $4,000, whichever is less. See 42 U.S.C. § 406(a)(2)(A). Under § 406(a)(3)(A), the ALJ "may request the Commissioner of Social Security to reduce the maximum fee only on the basis of evidence of the failure of the person representing the claimant to represent adequately the claimant's interest or on the basis of evidence that the fee is clearly excessive for services rendered." This section further provides that the Commissioner shall provide for this review by regulation. Id. The Commissioner has not promulgated the required regulations, but has issued internal operating instructions governing these reviews. Because the ALJ did not comply with the internal instructions--he did not point to "prima facie evidence" of an excessive fee--the requests for review were denied, and plaintiff received the maximum amount of fees under his agreements.

Subsequently, plaintiff informed the Commissioner seventeen months before he filed his complaint in this action that he was abandoning the fee agreement process and would instead seek approval for his attorney fees under the fee petition process pursuant to 20 C.F.R. § 404.1725. Plaintiff contends that he has since tried to return to the fee agreement process, although the only such agreement contained in the record did not meet the requirements of 42 U.S.C.

-3-

§ 406(a)(2)(A). For her part, the Commissioner contends that the situation that led to the requests for review of plaintiff's fee agreements has been alleviated, and that she is in the process of promulgating the regulations required by 42 U.S.C. § 406(a)(3)(A).

Under the doctrine of prudential mootness, we may decline to consider a case seeking prospective equitable relief that, while not constitutionally moot, "is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand and to withhold relief it has the power to grant." Building & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1492 (10th Cir. 1993)(quotation omitted). "In such cases a court may decline to grant declaratory or injunctive relief where it appears that a defendant, usually the government, has already changed or is in the process of changing its policies or where it appears that any repeat of the actions in question is otherwise highly unlikely." Id.

We determine this case to be appropriate for the application of the doctrine of prudential mootness. It appears both that the situation leading to this case is unlikely to repeat itself and that the Commissioner is in the process of complying with the requirement to promulgate the regulations. See id.; Chamber of Commerce v. United States Dep't of Energy, 627 F.2d 289, 292 (D.C. Cir. 1980)(applying doctrine where challenged government practice "is currently

-4-

under review and may never recur"). Should the situation of which Plaintiff complains reoccur, he may file a complaint for appropriate relief.

At this time however, we DISMISS the appeal and direct the district court to VACATE the judgment as moot.

Entered for the Court

Myron H. Bright
Senior Circuit Judge